IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MONZELLE LAVAN STEPTOE, PRO SE, also known as MONZELLE L. STEPTOE, TDCJ-CID No. 1622644, Previous TDCJ-CID No. 891938, Plaintiff, v. JOHN ADAMS, Warden, Ms. NFN GRANT, Safety Officer, and DEBORAH K. ALEMAN, P.A., Medical, Defendant. | § § § § § § § § § § § § § § § | 2:11-CV-0084 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff MONZELLE LAVAN STEPTOE, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

Plaintiff initially filed suit naming Warden JOHN ADAMS as the sole defendant.

On May 6, 2011, a Report and Recommendation issued recommending that plaintiff's claims against defendant ADAMS be dismissed with prejudice as frivolous and for failure to state a claim on which relief can be granted. Plaintiff responded by filing an Amended Complaint in which he dropped all claims against defendant JOHN ADAMS and named two new defendants, Ms. NFN GRANT and DEBORAH K. ALEMAN.

Accordingly, defendant ADAMS was terminated and, on June 6, 2011, the Court withdrew the May 6, 2011 Report and Recommendation and issued a Briefing Order and Questionnaire.

By his Amended Complaint, plaintiff alleges he was injured on December 23, 2010, when one wheel of the 8-10 foot food service hot box he was pulling fell into a 3-5 inch hole in the sidewalk at the Clements Unit, overturning the cart onto plaintiff and injuring his left knee, ankle leg, and face. He says he was put on crutches for 3½ to 4 weeks because of fluid on his knee and collateral ligaments but was required to continue working in the kitchen.

By his Amended Complaint, plaintiff alleges that, on December 24 through 27, 2010, defendant GRANT, the Safety Officer, obtained a written statement from plaintiff about the incident and stated the holes should have been fixed. Plaintiff contends this shows "they" were fully aware such a defect posed a high risk of harm. By his "Declaration," filed contemporaneously with his Questionnaire response, plaintiff states the unit's last safety inspection before his injury was in October/November and the "safety officers had already stated they had already known of the holes, when they obtain[ed] plaintiffs [sic] incident report."

By his Questionnaire response, plaintiff states a work order was completed on December 23, 2010, the morning of the accident and that Mr. Baker, of the Maintenance Department, was the person who fixed the concrete.

By his Amended Complaint, plaintiff alleges defendant P.A. DEBORAH ALEMAN refused several requests by him to be placed on work restriction even though he informed her he was being forced to work on wet floors for 4-6 hours while in pain. By his Questionnaire response, plaintiff stated defendant ALEMAN responded to his request by saying that he would

be all right and she would see him the next week. She said they wouldn't work him because he was on crutches and that he needed to stand on it a little and work it out.

Plaintiff says his injury did not heal properly and he has a pinched nerve from being denied a work restriction.

Plaintiff requests nominal, compensatory, and punitive damages for $1,000,000.00, but says he will settle the suit for $100,000.00.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

To state an Eighth Amendment claim of cruel and unusual punishment, plaintiff must allege facts showing the defendants acted with deliberate indifference, that is, with knowing disregard to a substantial risk of serious harm to an inmate. *Green v. Atkinson*, 623 F.3d 278 (5th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994)). A prisoner asserting a claim that conditions of confinement constituted cruel and unusual punishment must show deliberate indifference on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The appropriate definition of "deliberate indifference" under the Eighth Amendment is "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d. 174 (5th Cir. 1994). In this regard the Supreme Court has cautioned:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979. It is only under exceptional circumstances that a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk.

**Defendant GRANT**

Plaintiff's factual allegations concerning defendant GRANT are that, after his accident, a work order was written and sometime in the succeeding four days, she took a statement from plaintiff concerning the accident and stated the hole should have been fixed. Plaintiff concludes

GRANT's statement shows "they" were fully aware such a defect posed a high risk of harm. Plaintiff also says safety officers inspected the unit only a month or two before the accident and stated they had already known of the hole when they obtained plaintiff's incident report.

Accepting the truth of plaintiff's allegations, GRANT's statement does not show that, before plaintiff's accident, she knew the hole in the sidewalk presented a substantial risk to inmate safety and ignored it. At most, GRANT's statement merely reflects her belief that someone should have recognized such a danger and gotten the hole fixed before plaintiff's accident. Even if defendant GRANT had been one of the safety officers who investigated the unit in October/November before plaintiff's accident and knew of the hole in the sidewalk then, these facts would not be not sufficient to show she was responsible for the failure to fix the sidewalk or ignored the need for repair.

Plaintiff's allegations in this respect may support a claim of negligence against an unknown party who failed to make the repair; however, section 1983 is not a general tort statute, and mere negligence does not meet the standard for liability under section 1983. *Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs). The facts alleged by plaintiff fail to state a claim of deliberate indifference by defendant GRANT.

**Defendant ALEMAN**

Plaintiff claims his leg has developed a pinched nerve from being denied a requested work restriction by defendant ALEMAN. He says she responded to his request by assuring him they wouldn't make him work because he was on crutches. Plaintiff says they did make him work, on slippery floors, despite his being on crutches. Plaintiff appears to have told ALEMAN

of this fact and alleges she further stated, "[y]ou need to stand on it a little and work it out." Plaintiff does not allege he fell at work or further injured his knee in any way.

While plaintiff provides no factual allegation to support his conclusion that the lack of work restrictions, and not the original injury, caused him to develop a pinched nerve, even accepting plaintiff's conclusion of causation, the facts presented show defendant ALEMAN did not draw the necessary inference of substantial risk to plaintiff's health or safety. Instead, she felt plaintiff needed to stand up on his leg and "work it out."

Whether or not this medical advice was erroneous is not an issue for the Court to resolve. The facts presented by plaintiff do not show deliberate indifference to plaintiff's serious medical need, but, instead, a disagreement with plaintiff about what was needed to address his injury. The facts alleged by plaintiff fail to state a claim of deliberate indifference by defendant ALEMAN.

## CONCLUSION

Plaintiff has had the opportunity to amend his complaint and has further enjoyed the benefit of a Questionnaire designed to elicit the relevant facts. Plaintiff has also presented his "Declaration." It appears plaintiff has stated his best case, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998), and there is no need for a further factual statement from plaintiff. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff MONZELLE

LAVAN STEPTOE is DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

Signed this the _17t_ day of June, 2011.

_____
MARY LOU ROBINSON
United States District Judge